IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **L.D., the Student, and C.K. and A.K.,** the Student's Parents/Guardians, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) Case No. _____ ) |
| **SUMNER COUNTY SCHOOLS,** | ) ) ) |
| *Defendant.* | ) |

**COMPLAINT FOR APPEAL OF ADMINISTRATIVE LAW JUDGE DECISION**

Plaintiffs L.D., and C.K. and A.K., in their own capacity and as parents of L.D., by and through their attorney, hereby submit this Complaint against Sumner County Schools ("SCS"). In support thereof, Plaintiffs allege the following:

**INTRODUCTION**

1. This action is an appeal of an order resulting from an administrative hearing held by the Tennessee Department of Education under the IDEA, 20 U.S.C. § 1415 and 34 C.F.R. § 300.512 titled <u>Sumner County Schools v. L.D., the Student, and C.K. and A.K., the Student's Parents/Guardians, No: 07.03-144972J.</u>

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1415(i)(2).

3. Venue is properly situated in this Court as authorized by 28 U.S.C. §1391 and 1392.

## PARTIES

4. Plaintiff L.D. is an 8 year-old boy with autism. He is a student in need of specialized instruction and is eligible to receive special education services under the Individuals with Disabilities Education Act (IDEA) as amended, 20 U.S.C. § 1400 et seq.

5. Plaintiffs C.K. and A.K. are L.D.'s parents. All Plaintiffs reside in the Sumner County Schools district.

6. Defendant Sumner County Schools ("SCS") is a school district located in the Middle District of Tennessee. By federal and state law, the school district is responsible for ensuring that students with disabilities are provided a "free appropriate public education".

## PROCEDURAL HISTORY

7. On March 30, 2017, the Plaintiffs filed a due process hearing complaint against SCS disputing SCS's proposed change of placement to a therapeutic behavioral comprehensive development classroom ("TBCDC") at RT Fisher School, a Sumner County School. At the time of the filing of the complaint, LD. was being served in a CDC program at Watt Hardison Elementary School, a Sumner County School. As a consequence of filing the Due Process Complaint, SCS was required to maintain L.D.'s "stay-put" placement at Watt Hardison Elementary School through the duration of the due process hearing. 34 C.F.R. § 300.518.

8. On June 23, 2017, SCS filed a due process complaint seeking to eliminate the "stay-put" injunction and alter L.D.'s "stay-put" placement for forty-five school days to the therapeutic behavioral comprehensive development classroom ("TBCDC") no longer located at RT Fischer School, but now relocated at Guild Elementary School.

9. The Petitioners answered in defense and on July 31, 2017, a due process hearing was held before Administrative Law Judge ("ALJ") Michael Begley.

10. After the hearing, but prior to the hearing officer's decision, L.D., A.K. and C.K. received notification that L.D. was accepted as a student at Illuminate Academy and therefore, on August 11, 2017, A.K. and C.K. withdrew L.D. from the Sumner County School district and placed him in a private program.

11. On that same date, Plaintiffs filed a motion asking the ALJ to dismiss the pending due process complaint since the relief that SCS was seeking could no longer be ordered since L.D. was no longer a student enrolled in the Sumner County Schools' district.

12. On August 18, 2017, the ALJ denied the Plaintiffs' Motion to Dismiss and issued a Final Order permitting SCS to alter L.D.'s placement to the therapeutic behavioral CDC at Guild Elementary School for forty-five days, despite the uncontroverted fact that L.D. was not a student enrolled in the respondent's school district. A true and correct copy of the Final Order is attached hereto as Exhibit 1, and by this reference incorporated herein.

## STATEMENT OF FACTS

13. L.D. received instruction in the comprehensive development classroom ("CDC") at Watt Hardison Elementary during the 2016-2017 schoolyear.

14. Ms. Sarah Chandler Hammonds was LD.'s teacher in the CDC classroom.

15. L.D. exhibited aggressive behaviors which resulted in injury to himself, his classmates and his teachers.

16. L.D. had a behavior intervention plan ("BIP") in place since November 2015. The BIP was revised four times. The last revision occurred in September 2016 and provided

3

Case 3:17-cv-01377 Document 1 Filed 10/17/17 Page 3 of 6 PageID #: 3

for L.D. to have an individualized area in the classroom where he could receive one-on-one intervention.

17. Based on the observations conducted by L.D.'s private BCBA, L.D. was able to be successful when he was given appropriate direct instruction.

18. SCS refused to allow the school district's BCBA to work directly with L.D. in the classroom.

19. Although L.D. was largely non-verbal, SCS never completed a communication evaluation to determine what type of device would be appropriate for him.

20. L.D.'s parents eventually provided him with an iPad and a communication program for him to use at school. SCS did not provide any training on the device and the device was not only occasionally accessible to L.D.

21. The classroom staff did not consistently implement L.D.'s behavior plan.

22. On February 10, 2017, Ms. Hammonds provided L.D.'s parents with a progress report stating that she was "incredibly proud of [L.D.]'s progress" and was "excited to meet in April to write more goals and objectives."

23. Shortly thereafter, SCS reported that L.D.'s aggressive behavior began to increase in intensity.

24. On March 15, 2017, the case management team had a meeting to discuss L.D.'s placement at RT Fisher.

25. On March 29, 2017, the IEP team met and A.K. and C.K. were notified of SCS's decision to change L.D.'s placement to RT Fisher.

4

Case 3:17-cv-01377   Document 1   Filed 10/17/17   Page 4 of 6 PageID #: 4

## REQUESTED RELIEF

26. This appeal requests review and reversal of the decision rendered by Administrative Law Judge Michael Begley ("ALJ") in the due process hearing.

27. As grounds for this appeal, Plaintiffs submit that the ALJ's determination is unsupported by the facts and the law and therefore should be reversed after a <u>de novo</u> review.

28. The ALJ committed reversible errors of both law and fact, including, without limitation, determining:

   a. that L.D.'s withdrawal from SCS did not moot the due process complaint since the Complaint sought an injunction against a student not enrolled in the SCS school district;

   b. that SCS did all it reasonably could within the current "stay-put" placement to reduce the risk of injury to L.D. and others;

   c. that SCS demonstrated that the TB-CDC program at Guild was an appropriate placement for L.D.;

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1) Assume jurisdiction of this case;

2) Receive the records of the administrative proceedings, pursuant to IDEA, 20 U.S.C. §1415(i)(2)(C);

3) Reverse the decision of the ALJ;

4) Determine that L.D.'s withdrawal from SCS rendered the due process complaint moot;

5) Determine that SCS failed to prove that it made reasonable efforts to accommodate L.D.'s disabilities so as to minimize the likelihood that he would injure himself or others;

6) Determine that SCS failed to prove that the proposed placement was appropriate;

7) Order that Plaintiffs be reimbursed their attorney's fees and costs incurred, and

8) Order any other such relief as this Court deems just.

Respectfully Submitted,

/s/ Michael F. Braun
Michael F. Braun (BPR 032669)
Attorney for the Plaintiffs
P. O. Box 364
Brentwood, TN 37024
(615) 378-8942
F; (334) 356-8810
mfb@braun-law.com

/s/ Cheryl Cheffins
Cheryl Cheffins (BPR 032032)
Attorney for the Plaintiffs
P. O. Box 90857
Nashville, TN 37209
(615) 495-0780
F; (615) 250-3497
Cheryl.cheffins@gmail.com